# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Alexandria Division

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | Case Number:  1:25-CR-123 |
| CREDIT SUISSE SERVICES AG, | ) | USM Number:  None |
| | ) | Michael F. Williams, Esquire |
| | ) | Mark Filip, Esquire |
| | ) | Nicolas Thompson, Esquire |
| | | Defendant's Attorney |

The defendant pleaded guilty to Count 1 of the Criminal Information.

The defendant is adjudged guilty of:

| **Title and Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 6-2021 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

May 5, 2025
Date of Imposition of Judgment

/s/
Anthony J. Trenga
Signature of Judge
Senior United States District Judge

Anthony J. Trenga, Senior United States District Judge
Name and Title of Judge

5/5/2025
Date

AO 245B (Rev. 09/19) (VAE 3/25) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2 of 9

**Case Number:** 1:25-CR-123
**Defendant's Name:** Credit Suisse Services AG,

# IMPRISONMENT

No term of imprisonment imposed.

| | |
|---|---|
| **Case Number:** | **1:25-CR-123** |
| **Defendant's Name:** | **Credit Suisse Services AG,** |

# PROBATION

You are hereby sentenced to probation for a term of THREE (3) YEARS.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you beside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions listed in this judgment as well as with any other special conditions listed in this judgment.

**Case Number:** 1:25-CR-123
**Defendant's Name:** Credit Suisse Services AG,

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

| | |
|---|---|
| **Case Number:** | **1:25-CR-123** |
| **Defendant's Name:** | **Credit Suisse Services AG,** |

# SPECIAL CONDITIONS OF SUPERVISION

(1) Assuming the defendant accepts responsibility as outlined in this Agreement, the parties will agree to the imposition of a fine in the amount of $217,261,890 payable to the Clerk of Court for the United States District Court for the Eastern District of Virginia. Should the defendant elect to make payments by wire transfer, such wire transfer shall list as the beneficiary the U.S. District Courts - Eastern District of Virginia, or such other entity as specified in wire transfer instructions from the Clerk. Whether payment is made by check or by wire transfer, the payment shall note the case name and number on the payment. The parties agree that the fine amount shall be paid within seven days of entry of the guilty plea. The defendant acknowledges that no tax deduction, foreign or domestic, may be sought in connection with the payment of any part of this $217,261,890 fine. The defendant shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, other than the Affiliates, with regard to the fine, penalty, or forfeiture amounts that the defendant pays pursuant to this Agreement.

(2) The defendant shall cooperate fully, subject to applicable laws and regulations, with the Department of Justice, the IRS, and any other federal law enforcement agency designated by the Offices, regarding all matters related to the Offices' investigation into Legacy Credit Suisse U.S. Accounts (the "Offices' Investigation"), until the date on which all civil or criminal examinations, investigations, or proceedings, including all appeals, involving such matters are concluded. Specifically, the defendant agrees that it will:

(a) truthfully, completely, and promptly disclose all information, and promptly respond to the Offices' inquiries, with respect to the accounts and activities of the defendant and Credit Suisse AG, its officers and employees, and others concerning all such matters related to the Offices' Investigation. Subject to applicable laws and regulations, the defendant shall disclose to the Offices that it has discovered new information relating to Legacy Credit Suisse U.S. Accounts, including information that supplements or is inconsistent with representations and materials previously provided to the Offices, no later than 30 days from discovery. With respect to such accounts over $50,000 or part of a larger relationship, the defendant shall provide information as described in Part II.D.2.b.vi of the Swiss Bank Program required to be provided under this Agreement or other such information at the Department's request that is not protected by a valid claim of privilege or work product, no later than 90 days from discovery, or as soon as practicable, with notice to the Department within 90 days. With respect to accounts in other booking centers, the defendant agrees to provide information described in Part II.D.2.b.vi of the Swiss Bank Program required to be provided under this Agreement upon request. All other terms of this Agreement shall apply with respect to any newly disclosed information;

(b) retain all records relating to the Offices' Investigation, for a period of ten years from the date of the execution of this Agreement;

(c) upon request, assist the Department of Justice or any designated federal law enforcement agency in any investigation, prosecution, or civil proceeding arising out of or related to the Offices' Investigation by providing logistical and technical support for any meeting, interview, grand jury proceeding, or any trial or other court proceeding;

(d) upon request, use its best efforts promptly to secure the attendance and truthful statements or testimony or information of any current or former officer, director. employee, agent, or consultant of the defendant and/or the Affiliates at any meeting or interview or before any grand jury or at any trial or other court proceeding regarding matters arising out of or related to the Offices' Investigation;

| | |
|---|---|
| **Case Number:** | **1:25-CR-123** |
| **Defendant's Name:** | **Credit Suisse Services AG,** |

(e) upon request, provide testimony of a competent witness as needed to enable the Department of Justice and any designated federal law enforcement agency to use the information and evidence obtained in connection with the Offices' Investigation before a grand jury or at any trial or other court proceeding regarding matters arising out of or related to the Offices' Investigation;

(f) provide the Department of Justice, upon request, consistent with applicable law and regulations, all information, documents, records, or other tangible evidence not protected by a valid claim of privilege or work product regarding matters arising out of or related to the Offices' Investigation about which the Department of Justice or any designated federal law enforcement agency inquires; however, the defendant must provide to the Offices, upon request, a log of any information or cooperation that is not provided based on an assertion of law, regulation, or privilege, and the defendant bears the burden of establishing the validity of any such assertion;

(g) upon request, provide fair and accurate certified translations, at the defendant's expense, of any foreign language documents produced by the defendant or the Affiliates to the United States either directly or through any government entity;

(h) upon request, provide to any state law enforcement agency such assistance as may reasonably be requested in order to establish the basis for admission into evidence of documents already in the possession of such state law enforcement agency in connection with any state civil or criminal tax proceedings brought by such state law enforcement agency against an individual arising out of or related to the Offices' Investigation.

(3) During the Term of the Agreement, the defendant also agrees to, subject to applicable laws and regulations:

(a) supplement as soon as practicable, transaction information previously produced in response to requests based on Part II.D.2.b.vi of the Swiss Bank Program, to include all identified Legacy Credit Suisse U.S. Accounts over $50,000 unless part of a larger relationship, and, upon request, identified Legacy Credit Suisse U.S. Accounts in booking centers other than Switzerland, closed in the period from January 1, 2010 through the date of the execution of the Agreement, and any closed accounts related to the Offices' Investigation about which the Department of Justice specifically inquires, in the format requested by the Department of Justice;

(b) make reasonable efforts to implement the closure of recalcitrant Legacy Credit Suisse U.S. Accounts and undertake related procedures, to the extent that it has not already done so, as set forth in Part II.G of the Swiss Bank Program;

(c) provide all necessary information and assist the United States with the drafting of treaty requests to seek account records and other information, and will collect and maintain all records that are potentially responsive to such treaty requests to facilitate prompt responses; (4) submit quarterly reports to the Offices regarding the status of Legacy Credit Suisse U.S. Accounts for which the bank does not have indicia of tax compliance and remediation efforts in the Switzerland booking center, including the monitoring and closing of identified Legacy Credit Suisse U.S. Accounts, and future plans to change, implement, and/or enforce compliance efforts;

(d) commit no violations of the federal criminal laws of the United States; and

| | |
|---|---|
| **Case Number:** | **1:25-CR-123** |
| **Defendant's Name:** | **Credit Suisse Services AG,** |

(e) maintain U.S. counsel as the point of contact with the Offices. Further, during the Term of the Agreement:

(I) should the defendant learn of any evidence or allegation of conduct (committed or alleged to have been committed by the defendant or by the Affiliates, and/or their employees, agents, and/or directors) that may constitute a violation of federal criminal tax, Bank Secrecy Act, or criminal anti-money laundering laws, the defendant shall promptly report such evidence or allegation to the Offices in a manner and form consistent with local law. Thirty (30) days prior to the end of the term of organizational probation, the defendant, by the Chief Executive Officer and the Chief Compliance Officer of defendant, or an executive officer substantively responsible for the defendant's operations, and similar executive officers of UBS Group AG, UBS AG, and UBS Business Solutions AG, will certify to the Offices, in the form of executing the document attached as Attachment F to this Agreement, that the defendant has met its disclosure obligations pursuant to this Paragraph. Each certification will be deemed a material statement and representation by the defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed. The defendant acknowledges that its global parent company, UBS Group AG, along with UBS AG and UBS Business Solutions AG, have agreed to ensure that the Affiliates cooperate with the Offices in any investigation or prosecution as described in this Agreement; and that UBS Group AG, UBS AG, and UBS Business Solutions AG meet their obligations under the Agreement, by executing Attachment A and by making the certifications in Attachment F to this Agreement.

**Case Number:** 1:25-CR-123  
**Defendant's Name:** Credit Suisse Services AG,

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 46,015,674.00 | $ 217,261,890.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

See Restitution Order.

**Payments of Restitution are to made payable to the Clerk, United States District Court, Eastern District of Virginia.**

| | |
|---|---|
| **Case Number:** | **1:25-CR-123** |
| **Defendant's Name:** | **Credit Suisse Services AG,** |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $263,277,964.00, due immediately, balance due

    ☒ within seven (7) days of the entry of the guilty plea   , or

    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $   over a period of   *(e.g., months or years)*, to commence   *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $   over a period of   *(e.g., months or years)*, to commence   *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within   *(e.g., 30 or 60 days)* after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:


☒ The defendant shall forfeit the defendant's interest in the following property to the United States:  
Forfeiture Order Forthcoming.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.